UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV327-J

BETTY MATTINGLY                PLAINTIFF

VS.

MICHAEL J. ASTRUE,
 Commissioner of Social Security           DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Betty Mattingly ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the case remanded for further proceedings consistent with developing case law.

## PROCEDURAL HISTORY

On June 7, 2004, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of September 27, 2003. After a hearing, Administrative Law Judge Don C. Paris ("ALJ") determined that Ms. Mattingly's fibromyalgia and affective disorder not otherwise specified were severe impairments that prevented her from performing her past relevant work. The ALJ further found that her condition had not significantly deteriorated since the September 26, 2003 decision on her prior claim, and that she still retained the residual functional capacity for a significant number of jobs. This became the final decision of the Defendant when the Appeals Council denied review on May 14, 2007.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ showed a fundamental failure to understand the disease of fibromyalgia, resulting in his mistaken reliance on certain pieces of evidence (such as a normal bone scan and laboratory results, among others), and his failure to attend to the most relevant pieces of evidence (e.g., the physicians' opinions and the tender point testing conducted by Dr. Margolies). This further resulted in what plaintiff cites as the critical error in the case, which was rejection of the contention that plaintiff's condition had worsened such that the 2003 decision was no longer descriptive of her limitations.

The Commissioner did not have the benefit of the recent case of Rogers v. Commissioner of Social Security, 486 F.3d 234 (6th Cir. 2007), which discussed the elevated importance of treating physician opinion in cases of fibromyalgia. In that case, like this one, the ALJ had relied on opinions of non-treating physicians who, in turn, relied on the absence of objective findings; in that case, like this one, the ALJ had minimized the significance of the opinions of the physicians who treated the plaintiff for fibromyalgia. In those circumstances, the Sixth Circuit held that the ALJ had failed to accord to the treating physician's opinion the proper weight and that substantial evidence

could not be said to support the decision. The court observed that "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight.

The Commissioner directs the Court's attention to Vance v. Commissioner, a fibromyalgia opinion that cites Rogers. Vance is an unpublished opinion that makes no suggestion that the Circuit is backing away from Rogers (a case that involved a full decade a careful review before resulting in the published opinion). Furthermore, it should be noted that Vance involved opinion from a non-treating examiner (as opposed to the non-examining physicians in this case), and there was evidence that the plaintiff's condition was improving. Finally, plaintiff is not arguing that a mere diagnosis of fibromyalgia entitles her to disability benefits; rather, she asks that the Commissioner respect the need for heightened attention to treating physicians' opinions in cases of fibromyalgia. The Court agrees, and concludes that remand is in order for application of the principles set out in Rogers.

Plaintiff contends that the ALJ committed legal error in rejecting the functional capacities opinion of Dr. Kirk. The forms in issue appear at Tr. 281-286. The ALJ stated that "rejects the residual functional capacity assessment dated April 26, 2005 and signed by a physician's assistant," both because a physician's assistant is a "non-medical source," and because the opinion was inconsistent with Dr. Kirk's "most recent" treating notes. Tr. 23. Addressing the second justification first, the Court notes that in March of 2006, the treatment notes do include the notation that the patient "uses Voltaren which helps fibromyalgia considerably," but that she could not take it consistently because of gastrointestinal disturbances. Tr. 266. In July of 2005, however, the treatment records note "severe fibromyalgia, no significant improvement on Voltaren." Tr. 276. The Court is forced to the conclusion that there is no support for the ALJ's suggestion that the severity indicated by the RFC is not supported in treatment notes.

With regard to the alternative basis for rejecting the RFC, the forms' signature lines bear a single illegible "squiggle," followed by a slash mark, followed by the name and title of the physician's assistant. The ALJ interpreted this series of symbols as the PAC's having signed the papers (showing the doctor's name to indicate the supervising physician's identity); the plaintiff asks that this be interpreted as "co-signatures" by two different people. As a physician's assistant always works under the supervision of a physician, the notion of the two of them "co-signing" a document makes little sense, and this is not a convention this Court has seen in other records. Thus, we are inclined to believe that the ALJ's interpretation is a completely reasonable reading of these forms. Nonetheless, given that remand for further consideration is necessary, the Court notes in passing that the plaintiff is the party in the ideal position to obtain clarification of the meaning of these forms (whether by "mini-deposition" or other means).

An order in conformity has this day entered.